Bostic *v.* State.

5024                                              355 S. W. 2d 165

Opinion delivered February 19, 1962.

[Rehearing denied April 19, 1962.]

*Sam Montgomery* and *Brown & Compton,* for appellant.

*Frank Holt,* Attorney General, by *Jack Holt, Jr.,* Chief Asst. Attorney General, for appellee.

Neill Bohlinger, Associate Justice. The appellant, George W. Bostic, was charged with the crime of false pretense by felony information filed in the Union Circuit Court on September 8, 1960.

The gist of the information charges the appellant with unlawfully, wilfully and feloniously obtaining from Ivon Skinner a sum of money by falsely representing that he, the appellant, was an agent of the Southern Trust Life Insurance Company and had authority to accept applications and collect premiums for said company.

The case was tried on March 21, 1961 and the jury returned a verdict of guilty and the appellant was sentenced to one year in the penitentiary.

It appears from the record before us that the appellant had been the duly licensed agent of the Southern Trust Life Insurance Company and that he had, from time to time, taken applications, collected premiums, and had various transactions with the insurance company as its agent. Under the contract between the appellant and the insurance company, the

appellant was entitled to a certain part of the premiums which he collected.

There appears no doubt in the record that the appellant solicited Ivon Skinner for an application for insurance and that upon representations and showings by the appellant, Ivon Skinner signed the application and gave to the appellant $164.52 as the premium on the insurance policy which was to be issued. The appellant issued to Ivon Skinner his receipt and cashed the check which Skinner had given him.

Skinner testified that notwithstanding his application and payment of his premium, he did not receive his policy of insurance. It is the contention of the State that while the appellant had been an agent of the insurance company, his contract of agency had been cancelled and that on July 19, 1960, the company had mailed to appellant a notice of that cancellation. It is apparent from the record that the affairs between the appellant and the insurance company were not in a condition that was satisfactory to either party; appellant, Bostic, maintaining that the company owed him money on insurance applications he had written and the company maintaining that Bostic had failed to remit the amounts with which he was charged. On July 29, 1960 the appellant, through his attorney, paid the insurance company $200.00 and was given a receipt which is as follows:

"It is agreed that upon receipt of this two hundred dollars that the license of George W. Bostic with Southern Trust Life Insurance Company will be immediately reinstated.

The application from Skinner was obtained on August 19, 1960 and the money paid to appellant at that time.

The question is not as to the company owing Bostic money, or Bostic owing the company money, but did Bostic believe that he was a duly authorized agent, authorized to take applications and collect money.

Whether or not the proof of the appellant was sufficient to show that Bostic believed he was still the agent of the company, we do not say but there is the written receipt of the company dated July 29, 1960, advising Bostic that his status as agent would be renewed immediately and there is testimony that the company furnished him additional supplies and upon another occasion we find testimony that Bostic turned in applications between the date of the supposed cancellation of the contract and the date of the Skinner application which applications the company received and issued policies.

If the testimony in this case furnished any basis for a belief that the action of the company lulled Bostic into a false sense of security that he was still the agent and had the authority to do what he did, it is a matter which the appellant was entitled to have considered by the jury, and the instruction requested by the appellant should have been given in order that the jury might consider whether or not the company has issued contracts of insurance to other persons on applications sent in by the appellant under like circumstances.

This was an item of defense which the appellant was entitled to have considered by the jury under his requested instructions and failure of the court to so instruct the jury was error. Specifically the court should have given Instruction No. 13 as requested by appellant; and because of the nature of this prosecution, the court should not have stricken the words ''beyond a reasonable doubt'' from Instruction No. 7 and No. 9.

The cause is accordingly reversed and remanded.

ROBINSON and JOHNSON, JJ., would reverse and dismiss.